# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. M-24-657-STE |
| ) | |
| JASPER REED, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
TO RESTRICT DISCLOSURE AND USE OF DISCOVERY
MATERIALS PROVIDED TO THE DEFENDANT**

The United States of America moves this Court for a protective order to: (1) restrict the defendant's use of discovery materials obtained from the United States to the preparation of his defense in the above case; and (2) restrain the defendant from using or providing to others any of the discovery materials in this case for any purpose other than the defense of the criminal charges currently pending in this Court. In support of its motion, the government would show the Court the following:

On September 3, 2024, a complaint was filed charging Defendant with Murder in the Second Degree, in violation of 18 U.S.C. §§ 1111 and 7(3), and Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6) and 7(3).

In general, the complaint alleges that between on or about April 27, 2024, corrections officers at the Federal Transfer Center ("FTC") observed Defendant strangling his cellmate. Officers intervened and secured Defendant. The victim was seemingly

unconscious and not breathing. Once removed from the cell, the victim began breathing on his own. The victim was transported to a local hospital and diagnosed with the following facial fractures: nasal bone, orbital bone, maxillary sinus anterior wall, maxillary sinus lateral wall, and hyoid bone.

The complaint also alleges that on May 8, 2024, corrections officers at the FTC observed Defendant's new cellmate unresponsive one the floor of the cell. Emergency Services were summoned to the FTC. Upon arrival, emergency personnel pronounced the victim deceased. During an autopsy performed on May 9, 2024, the Medical Examiner found the victim had a broken hyoid bone and died as a result of manual strangulation.

Discovery in this case contains voluminous documents, including the Bureau of Prisons' After Action Review – Summary Report.  The information included in the materials provided to defendant, and the materials to be provided to defendant, may be of interest to present and potential litigants in civil litigation in state and/or federal courts. Discovery in civil suits should be conducted through proper process. Materials released in compliance with expeditious discovery procedures should not be treated as public disclosure of the materials. Nor, should any use of the material be permitted outside of the necessity of preparing a defense of pending criminal charges. Because the parties and witnesses in the criminal case overlap parties and witnesses in potential litigation, there exists great potential for the criminal defendant to improperly disseminate the information received for the criminal case through criminal discovery.

Without depriving the defendant of access to and use of documents the United States has obtained in this case, the United States seeks to ensure that no one, including Defendant, uses this information to violate the privacy rights of the victim and witnesses, or for any other improper purpose. An order from the Court requiring that recipients of this information use it only in the context of preparing for court proceedings in this case will address these concerns.

Entitled "Protective and Modifying Orders," Federal Rule of Criminal Procedure 16(d)(1) provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." In this case, the government does not seek to restrict Defendant's access to discovery. Instead, it seeks merely to limit the use of that discovery to its proper purpose in preparation for a criminal trial or other criminal proceedings. The issuance of a protective order is a discretionary function of the trial court that will only be disturbed on review where it is established that an abuse of discretion—that is, prejudice to the substantial rights of the defendants—occurred. *United States v. Coiro*, 785 F. Supp. 326, 330 (E.D.N.Y. 1992). In this context, a protective order will not impair Defendant's right of access to discovery.

Counsel for the United States has conferred with Kyle Wackenheim, counsel for Defendant, Jasper Reed, concerning this motion. Mr. Wackenheim confirmed that Defendant has no objection to the requested protective order.

3

For these reasons, the government respectfully requests that the Court enter an order that any documents produced to Defendant by the government be disclosed only to the defense counsel and the agents of defense counsel, including but not limited to Learned Counsels, except as necessary during court proceedings or during interviews of Defendant or potential witnesses in preparation for trial or other court proceedings. Finally, the government requests that the Court order defense counsel to make the Defendant and potential witnesses aware of a protective order prior to disclosure and that defense counsel instruct the Defendant and potential witnesses not to disclose the information identified above to others except in the presence of counsel and for the purpose of preparing for criminal trial or other criminal court proceedings.

    Respectfully submitted,

    ROBERT J. TROESTER
    United States Attorney

    s/TIFFANY EDGMON
    Assistant United States Attorney
    Oklahoma Bar No.  32843
    210 Park Avenue, Suite 400
    Oklahoma City, Oklahoma 73102
    (405) 553-8700 (Office)
    (405) 553-8888 (Fax)
    tiffany.edgmon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  Kyle Wackenheim

                                                s/TIFFANY EDGMON
                                                Assistant United States Attorney