IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | No.   <u>CR -25-156-SLP</u> |
| ) | |
| **JASPER REED,** ) | |
| ) | |
| **Defendant.** ) | |

**NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and Defendant **JASPER REED** that the United States believes the circumstances in Counts Three of the Indictment (Murder in the First Degree) are such that, in the event of a conviction, a sentence of death is justified under 18 U.S.C. § 3591, *et seq.*, and that the United States will seek the sentence of death for this offense.

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts Three:

1. Defendant **JASPER REED** was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a)).

2. The government will prove the following intent factors enumerated under 18 U.S.C. § 3591(a)(2)(A)–(D) in justifying a sentence of death:

    a.    **JASPER REED** intentionally killed the victim, R.P. (18 U.S.C. § 3591(a)(2)(A));

    b.    **JASPER REED** intentionally inflicted serious bodily injury that resulted in the death of the victim, R.P. (18 U.S.C. § 3591(a)(2)(B));

    c.    **JASPER REED** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim, R.P., died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

    d.    **JASPER REED** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, R.P., died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

3.    The government will prove the following statutory aggravating factors enumerated under 18 U.S.C. § 3592(c) in justifying a sentence of death:

    a.    **JASPER REED** has previously been convicted of a Federal or State offense, punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in U.S.C. § 921) against another person (18 U.S.C. §3592(c)(2)); and

    b.    **JASPER REED** committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §3592(c)(9)).

4.    Pursuant to 18 U.S.C. § 3593(a), the government will prove the following other aggravating factors in justifying a sentence of death:

    a.    **JASPER REED** caused injury, harm, and loss to R.P., as well as to the family and friends of R.P. The injury, harm, and loss caused by **JASPER REED** with respect to R.P. is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family and friends;

    b.    **JASPER REED** committed other charged crimes of violence: the Attempted

Murder and/or Assault Resulting in Serious Bodily Injury of T.R. occurring on April 27, 2024, as charged in Count 1 and 2 of the Indictment;

c.  **JASPER REED** participated in additional uncharged crimes: the robbery of a pizza restaurant with a firearm, being a felon in possession of a firearm, and fleeing apprehension from the police; and

d.  **JASPER REED** is a continuing danger to the lives and safety of other persons, and **JASPER REED** is likely to commit criminal acts of violence in the future as evidenced by:

  i.  a low potential for rehabilitation as demonstrated by institutional misconduct and violent criminal acts while in custody;

  ii.  a willingness to take human life;

  iii.  a lack of remorse for his acts of violence and attempted acts of violence as demonstrated by statements that he made following these violent acts; and

  iv.  a pattern of escalating violence.

                Respectfully submitted,

                ROBERT J. TROESTER
                United States Attorney
                *s/ Tiffany Edgmon*
                TIFFANY EDGMON
                Oklahoma Bar No. 32843
                BRANDON HALE
                Oklahoma Bar No. 19819
                Assistant United States Attorneys
                210 Park Avenue, Suite 400
                Oklahoma City, Oklahoma 73102
                (405) 553-8700 (Office)
                (405) 553-8888 (Fax)
                tiffany.edgmon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Kyle E. Wackenheim and Jeffrey M. Byers, counsels for Mr. Reed

*s/ Tiffany Edgmon*
TIFFANY EDGMON
Assistant United States Attorney